In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of the GENERAL INDEMNITY CORPORATION OF AMERICA. (Claim of KISSEL-SKILES COMPANY, INC.  Claim No. 24 Auto 833.)

KISSEL-SKILES COMPANY, INC., Claimant, Appellant; GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the GENERAL INDEMNITY CORPORATION OF AMERICA, Petitioner, Respondent.

First Department, January 20, 1939.

*Jacob Greenwald* of counsel [*David Chernove* with him on the brief; *Gordon S. P. Kleeberg*, attorney], for the claimant, appellant.

*Irvin Waldman* of counsel [*Benjamin Potoker* with him on the brief; *Alfred C. Bennett*, attorney], for the Superintendent of Insurance, as liquidator of General Indemnity Corporation of America, respondent.

COHN, J. The claim was based upon a policy of liability insurance issued by the General Indemnity Corporation to claimant. The referee found that the policy did not cover claimant's loss.

The claimant, Kissel-Skiles Company, Inc., is an automobile renting concern doing business in the city of St. Louis, Mo., and elsewhere. It procured from the General Indemnity Corporation a policy of liability insurance which for the period beginning July 20, 1931, and ending July 20, 1932, indemnified it against loss or expense arising or resulting from claims by reason of the " ownership, maintenance, operation, or use " of automobiles incidental to the assured's business. The policy expressly excluded from the scope of this coverage " the liability of the assured  *  *  *  for any injuries or damage caused by any automobile  *  *  *  while being rented or hired to others." Claimant had also obtained from the Western Casualty and Surety Company an automobile liability and property damage policy which insured it from March 15, 1932, to March 15, 1933, for liability as the result of an accident in which a car " rented to others by claimant might be involved." Thus claimant during the month of May, 1932, and for some time thereafter was completely insured against the results of an accident caused by either a renter of one of its cars or an employee.

On May 10, 1932, in the city of St. Louis, one Mary L. Stephens while crossing a roadway was struck by an automobile owned by claimant and operated by one John Nasser. She instituted an action against claimant for damages in the State of Missouri. In her petition in the Circuit Court of the City of St. Louis she

alleged that claimant was the owner of and in charge of and control of and operating the automobile and that claimant's negligent operation of the vehicle caused plaintiff's injuries. The suit was based upon the theory that John Nasser, the driver of the car which caused the accident, was an employee of claimant and was not an independent renter.

The General Indemnity Corporation undertook the defense of the action on behalf of claimant. When on August 16, 1933, the General Indemnity Corporation was placed in liquidation in this State, the liquidator advised claimant that he would not continue the defense and that the claimant would be entitled to file a general claim in the liquidation proceedings. Such a claim was duly filed. Claimant thereupon conducted its own defense of the suit brought by Mary L. Stephens who, upon the trial, which took place on March 12 and 13, 1934, obtained a judgment in the sum of $4,000, which, together with $250 for legal fees and $90.10 for court costs and disbursements, was paid by claimant. The total amount, aggregating $4,340.10, represents the amount of the claim.

An examination of the instructions of the court to the jury upon the trial in Missouri shows conclusively that in finding for plaintiff, the jury found as a fact that Nasser was the servant of the defendant (claimant here), and that defendant was in charge of and operating the automobile at the time Mary Stephens received her injuries. It appears, too, that the law of Missouri made recovery by Mary Stephens against the claimant possible only on the theory of *respondeat superior*.

The liquidator nevertheless recommended that the claim be disallowed upon the ground that claimant's loss was not covered by the insurance policy issued by the General Indemnity Corporation, it being the contention of the liquidator that Nasser had rented the automobile from claimant and that he was not an employee at the time of the occurrence of the accident. Claimant asserts, however, that Nasser was an employee and that the car was not rented to him. The referee in his report sustained the liquidator's recommendations disallowing the claim and the Special Term has confirmed the report of the referee.

We think that the referee's finding that Nasser was not an employee of claimant at the time of the occurrence of the accident is contrary to the weight of the credible evidence.

Mr. Skiles, who was secretary of claimant, testified that Nasser was employed by his company and that he drove an advertising car on the streets advertising the Kissel-Skiles Company's busi-

ness.  The facts as they were shown at the time of the accident give ample support to that testimony.   When the accident occurred, the car driven by Nasser, a Hupmobile roadster, bore a huge advertising sign, V shaped, three feet in height and from ten to sixteen feet in length.  The sign was removable and it rested on the front and rear bumpers of the roadster.  In large type it advertised the business of claimant.  According to the testimony of Nasser, the position of the sign upon the automobile made driving of the car highly inconvenient, and because the sign would come around his head, he had to drive the car slowly.

Though Nasser testified that on the date of the accident he was not employed by claimant and that he paid eight cents per mile for renting this car with this prominent advertising sign displayed upon it and that he paid the same rate for a car without such a sign, his testimony was largely discredited not only by his recital of the circumstances of the hiring, but as well by a contradictory statement, over his own signature, made to a representative of the Western Casualty and Surety Company after the accident in which he stated, ". For the past seven months I have been employed as a chauffeur for Kissel-Skiles Company driving an advertising car."  It is to be observed, too, that immediately after the mishap, Nasser placed the injured woman in claimant's car, drove slowly back to claimant's office and reported to the manager of the branch, Ernest Beintker, for instructions.  He was told by the latter to put the woman in a cab and to take her home.

It is true that Ernest Beintker in his written deposition prior to the trial of the Missouri action and in his testimony upon that trial stated that he did not employ Nasser and that Nasser was not an employee of claimant.  He did state, however, that " by driving this advertising car I gave him [Nasser] a special rate on the other cars which he rented."  It is significant that the jury in the Missouri action upon hearing the testimony of Nasser and Beintker, the manager of the branch store, substantially as outlined in the deposition, notwithstanding found that Nasser at the time of the accident was in the employ of claimant, and that Nasser's employer was liable for the injuries sustained by the Stephens woman.

Shortly after the accident, the General Indemnity Corporation and the Western Casualty and Surety Company made independent investigations of the facts.  The General Indemnity Corporation reached the conclusion that its policy covered the Stephens claim because Nasser was an employee, and it accordingly undertook

the defense of the suit. The Western Casualty and Surety Company at the same time likewise found that Nasser was an employee and not a " renter " and hence " dropped the case " as there was no coverage. It certainly would have caused no inconvenience to claimant to have insisted that Western Casualty and Surety Company cover the loss rather than claimant, if, indeed, Nasser were a " renter " and not an employee of claimant. There could have been no conceivable motive on the part of claimant to have falsely asserted that Nasser was an employee, for whether he was an employee or a " renter," claimant was amply covered by insurance.

Moreover, Nasser was on the payroll of claimant at the time of the accident. This, the original records of claimant show. Under paragraph " O " of the policy of insurance the premium payable to the General Indemnity Corporation was computable upon the payroll of claimant. The original record made up by the auditor of claimant shows that the aggregate salary of $638 for May, 1932, for the branch out of which the car in question came, was reported to the company and entered upon its audit and this sum of $638 included Nasser's pay for the day of the accident.

The so-called contract between John Nasser and claimant dated May 10, 1932, upon which the liquidator lays much stress, is not a contract but merely a memorandum for the apparent purpose of showing when the car was taken out and when it was returned. The General Indemnity Corporation had inquired into this phase of the matter and it obviously had become convinced that the books of claimant showed no charge for the rental of the car.

For all of the foregoing reasons it is quite apparent that John Nasser at the time of the occurrence of the accident was employed by claimant to advertise its business, and we think that the referee should have so found.

The claim against the assured accrued immediately on the happening of the accident on May 10, 1932. Upon the proof before the referee, it was shown to be an accident against the consequences of which claimant was insured by the defunct insurance company. When the insurer went into liquidation, it violated the obligation imposed upon it under the terms of its policy to assume defense of the suit. In such case the liability of the insurer is certain at the time of the entry of the order of liquidation, although the amount of the liability may be unliquidated. Such a claim can only be reduced to liquidation as a result of determination of the suit brought against the assured. (*Matter of Empire State*

*Surety Co.*, 214 N. Y. 553, at pp. 565, 566.) In the present case the amount of the loss sustained by the assured was determined upon the termination of the suit in the State of Missouri and the liability then became fixed at $4,340.10. The claim of appellant should be allowed in that sum.

The order appealed from should be reversed, with twenty dollars costs and disbursements, the report of the referee set aside and the objections of the claimant to the liquidator's report should be sustained and the claim should be allowed as presented.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, the report of the referee set aside and the objections of the claimant to the liquidator's report sustained and the claim allowed as presented. Settle order on notice.